tablished her as a packet between Alexandria and Norfolk, and afterwards made two voyages in her to Philadelphia, in the last of which the said slave made his escape. That the defendant did not produce the said negro slave before a magistrate nor lodge a description, etc., nor produce a written direction from the owner, etc., as required by the act of the 25th of January, 1798. And if the law be for the plaintiff, they assessed his damages at $453; but if for the defendant, etc.

Upon this special verdict, after it had been amended by consent, THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the law was for the plaintiff, and rendered judgment accordingly.

There had been several previous attempts to obtain a verdict in the cause, but the jurors could not agree. On Saturday, the 2d of December, 1809, the jury having been out all night, came into court, and requested the instruction of the court, whether, under the act of 1798, p. 374, § 6, the defendant was not liable if he took the slave out of Virginia without a written authority, or a compliance with the other requisites of that act; and whether the written agreement for the hire of the negro was such a written authority as the 6th section of that act requires.

Mr. Jones and E. J. Lee, for plaintiff.
C. Lee and Mr. Taylor, for defendant.

THE COURT instructed the jury that the defendant was liable in the case stated by them, and that the written agreement was not such a written permission as the act requires.

That jury could not agree, and were discharged by consent. The cause came on again before another jury, at July term, 1811, when THE COURT (THRUSTON, Circuit Judge, absent) refused to instruct the jury that a general hiring by the defendant authorized him to carry the slave to Philadelphia, and refused to instruct them that if the course of the defendant's business was known to the plaintiff's agent at the time of the hiring, it authorized the defendant to take the slave out of the state of Virginia. And also refused to instruct them that the defendant, by the hiring, became the owner of the slave for the term for which he was hired.

The same opinions and instructions were given upon the last trial, and bills of exceptions were taken, but no writ of error was prosecuted.

## Case No. 10,718.

### PARK BANK v. NICHOLS.

[See National Park Bank v. Nichols, Case No. 10,047.]

PARKENHORN (BARKER v.). See Case No. 993.

## Case No. 10,719.

### In re PARKER et al.

[6 Ben. 286.] 1

District Court, E. D. New York. Dec., 1872.

BANKRUPTCY—PREFERRED DEBTS—TAXES.

Bankrupts occupied land under a lease, in which they covenant to pay the taxes on the land. They failed to pay them, and the lessors paid them: *Held*, that the lessors were not entitled to claim the amount of such payment, as a preferred debt. under the 28th section of the bankruptcy act [of 1867 (14 Stat. 530)].

[In the matter of Parker & Peck, bankrupts.]

BENEDICT, District Judge. I am of the opinion that the payment by the petitioners of taxes and assessments on their own land gives them no right to claim that amount out of the bankrupt's estate. as a preferred debt under section 28 of the bankruptcy act, notwithstanding the fact that the bankrupts were the occupants of the land under a lease in which the lessee covenanted to pay a yearly rent, and "all such taxes, water rents and penalties as shall during said term grow due and payable out of said demised premises." The failure by the lessee to perform this covenant gave the lessors a right of action from the breach thereof, and nothing more. The prayer of the petitioners that their demand be declared entitled to be paid out of the estate of the lessee, in preference to the other creditors, must, therefore, be denied. Upon being properly proved, their demand is, however, entitled to share with the other creditors of the lessee in the distribution of his estate.

## Case No. 10,720.

### In re PARKER.

[4 Biss. 501.] 2

District Court, N. D. Illinois. June, 1868.

BANKRUPTCY—GROUNDS FOR REFUSING DISCHARGE —DEBTS NOT SCHEDULED—INTENTION.

A discharge will not be withheld from a bankrupt for not scheduling property in which he did not at the time know that he had a substantial interest. There must be an intention to conceal the property.

In bankruptcy. Application for discharge. Attorneys for creditors objected that the bankrupt [Renslow S. Parker] had not scheduled certain interests in personal property belonging to his wife before marriage, but which they claimed vested by marriage in the husband. The marriage was in 1859, at which time the wife had about $1,500 in cash in her own right, and which came into his hands soon afterward, and before the passage of the act of 1861. This money he

1 [Reported by Robert D. Benedict, Esq.. and here reprinted by permission.]
2 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]